**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JOHN ROBERT KELLY,

      Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION SERVICES
LLC and MANNION & MANNION,
INC.,

      Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOHN ROBERT KELLY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); and MANNION & MANNION, INC. (hereinafter "Mannion") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Long County in the State of Georgia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Mannion is a corporation headquartered at 29 McIntosh Lake Road in Hinesville, Georgia 31313.

14.    Mannion is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     Mannion furnished information about Plaintiff to Equifax that was inaccurate.

## **FACTUAL ALLEGATIONS**

16.     Plaintiff is alleged to owe a debt to Mannion, partial account number ending in x7A, as to an auto loan secured by a 2006 Ford F-150 (hereinafter "Mannion Account").

17.     In or about November 2021, Plaintiff made a final payoff of the Mannion Account leaving a zero balance.

18.     Shortly after payoff, Plaintiff received title to the 2006 Ford F-150. After which, Plaintiff gave the vehicle to his brother and transferred title to his name.

19.     In or about May/June 2024, Plaintiff and his wife were beginning the process to purchase a new vehicle and to purchase home.

20.     On or about May 28, 2024, Plaintiff obtained a copy of his Equifax credit report, and upon review, Plaintiff observed the Mannion Account was appearing with a status of past due and charge off with a balance of $2,564.

21.     Shortly thereafter, Plaintiff contacted Mannion to dispute the erroneous reporting. The representative for Mannion could not explain the erroneous reporting and was even able to provide proof of payoff to Plaintiff.

22.     On or about August 9, 2024, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff observed the Mannion Account

continued to be reported with the erroneous status of charge off and past due with a balance of $2,564.

23. Due to the inaccurate reporting, on or about August 13, 2024, Plaintiff submitted online a detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the status of the Mannion Account was not accurate and should have a status of timely paid with a zero balance. To confirm his identity, Plaintiff included images of his driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the payoff confirmation, and other supporting documents.

24. On or about August 13, 2024, the same day, Plaintiff received dispute results from Equifax which stated the Mannion Account was verified and updated. However, the Mannion Account continued to be reported with a status of charge off and balance of $2,564.

25. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

26. Equifax never attempted to contact Plaintiff during the alleged investigation.

27. Upon information and belief, Equifax notified Mannion of Plaintiff's dispute. However, Mannion failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

28.     Due to the continued inaccurate reporting, on or about August 20, 2024, Plaintiff submitted online a second detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff reiterated that the status of the Mannion Account was not accurate and should have a status of timely paid with a zero balance. To confirm his identity, Plaintiff included images of his driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the payoff confirmation, and other supporting documents.

29.     On or about August 20, 2024, the same day, Plaintiff received dispute results from Equifax which stated the Mannion Account was verified and updated. However, the Mannion Account continued to be reported with a status of charge off and balance of $2,564.

30.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31.     Equifax never attempted to contact Plaintiff during the alleged investigation.

32.     Upon information and belief, Equifax notified Mannion of Plaintiff's dispute. However, Mannion failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax continues to inaccurately report the erroneous Mannion Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

34.    Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher, Mannion.

35.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

36.    Due to the inaccurate reporting, Plaintiff was only able to purchase a new vehicle at a high interest of 18%.

37.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

> i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;
>
> ii.    Loss of time attempting to cure the errors;

7

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Loss of the ability to benefit from lower interest rates;

v.   Denial for a mortgage loan;

vi.   Apprehensiveness to apply for new credit due to the fear of rejection; and

vii.   Defamation as Defendants published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violation of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

38.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40.   Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

8

41.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

42.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

43.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

44.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

45.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment

9

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

47.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

48.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.    Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

50.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

55.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

56.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

57.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

58.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

59.     Plaintiff provided Equifax with the information it needed to confirm the balance of the Mannion tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

60.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

64.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.    Plaintiff provided Equifax with the information it needed to confirm the balance of the Mannion tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

14

69.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Mannion & Mannion, Inc. (Negligent)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

71.     Mannion furnished inaccurate account information to Equifax and through that CRA to all of Plaintiff's potential lenders.

72.     After receiving Plaintiff's disputes, Mannion violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

15

73.     Plaintiff provided all the relevant information and documents necessary for Mannion to have identified that the account status and balance were erroneous.

74.     Mannion knowingly chose to follow procedures which did not review, confirm, or verify the account status and balance were accurate.

75.     Mannion violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

76.     As a direct result of this conduct, action, and/or inaction of Mannion, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77.     The conduct, action, and inaction of Mannion was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78.     Plaintiff is entitled to recover costs and attorney's fees from Mannion in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award actual damages against Defendant, MANNION & MANNION, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

16

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Mannion & Mannion, Inc. (Willful)

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

80.    Mannion furnished inaccurate account information to Equifax and through that CRA to all of Plaintiff's potential lenders.

81.    After receiving Plaintiff's disputes, Mannion violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82.    Plaintiff provided all the relevant information and documents necessary for Mannion to have identified that the account status and balance were erroneous.

83.    Mannion knowingly chose to follow procedures which did not review, confirm, or verify the account status and balance were accurate.

17

84.     Mannion violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

85.     As a direct result of this conduct, action, and/or inaction of Mannion, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and inaction of Mannion was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Mannion in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MANNION & MANNION, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN ROBERT KELLY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and MANNION & MANNION, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of August 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*

19